IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOHN BRISCO, | § | |
| | § | |
| Defendant Below, | § | No. 307, 2017 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1502007987 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: May 2, 2018
Decided:  May 10, 2018

Before **STRINE**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## **O R D E R**

In this appeal, the sole issue is whether a probation officer gave impermissible expert testimony about the precision with which a GPS ankle monitor on the defendant was accurate. This is a close question in view of the evident purpose behind the prosecutor's questions that led to the testimony. In our view, we need not reach it as the defendant does not challenge the general accuracy of the GPS monitor on appeal (and instead contends that the monitor is exactly, not approximately, accurate),[1] and even more important, there is overwhelming

---

[1] At oral argument, counsel for Brisco argued that the report should be taken as exactly correct, and not described as an approximation unless by a witness with the relevant scientific background. But counsel for Brisco was also candid in admitting that the same exhibit showed Brisco at a close, but different address than his home, at a time when he admits Brisco was at his home.

evidence other than the officer's testimony that placed the defendant in the vicinity of the murder at the relevant time.[2] For that reason, we find that any error was harmless.

NOW, THEREFORE, IT IS ORDERED that the verdict and sentencing order of the Superior Court is hereby AFFIRMED.[3]

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[2] Answering Br. at 3–5 (summarizing evidence presented placing Brisco in the vicinity of the murder at the time it occurred, including statements of Jakeem Broomer and Corvan Hammond presented to the jury under 11 *Del. C.* § 3507, and trial testimony of Kina Madric).

[3] *State v. Brisco*, Cr. ID No. 1502007987 (Del. Super. July 21, 2017).